JOSEPH E. FURBER and another *vs.* GEORGE S. BARNES and another.

May 17, 1884.

**Agent held not liable for Money Stolen from him.** — Evidence *held* sufficient to support a finding by the jury that a sum of money belonging to defendants, intrusted to the plaintiffs for a specific purpose, was stolen without the fault of the latter. *Held*, also, that it was not necessarily a conversion thereof that it was kept in the same safe-drawer with money of plaintiffs, the fund remaining intact, and it appearing that the amount belonging to defendants was there for the use to which it was appropriated.

Appeal by defendants from an order of the district court for Becker county, *Stearns*, J., presiding, refusing a new trial.

*Wilson & Ball*, for appellants.

*Spooner & Larrabee*, for respondents.

VANDERBURGH, J.[1] Plaintiffs were general merchants, doing business at Detroit, in this state, and for several years prior to May 24, 1882, were accustomed, as agents for defendants, to receive from them, from time to time, money used solely in paying for wheat purchased at that place by defendants' buyer or elevator agent. The wheat so purchased was paid for by plaintiffs at their store, as purchases were made, and it was usual, in the course of the business, for the plaintiffs to pay all checks or orders upon them for wheat so purchased out of defendants' funds, and if the account of defendants with them was overdrawn at any time, to advance of their own funds the requisite sums to meet such demands, the amount of which defendants subsequently allowed and paid. At the date above mentioned, the plaintiffs allege they had in their hands, of defendants' money, the sum of $475, which was stolen from their safe on the night following. Within two days thereafter they cashed checks for wheat so purchased and actually received by defendants, to the amount of upwards of $600 of their own funds, the whole of which

---

[1] Dickinson, J., because of illness, took no part in this decision.

plaintiffs insisted should be repaid to them; but the defendants refused to credit them with the amount stolen, and allowed them the excess only. Hence this suit.

The evidence of the usual course of business between the parties, in the adjustment of their accounts, is sufficient to sustain the verdict in plaintiffs' favor, upon the issue as to their authority to make such advances in excess of the amount in their hands. The verdict also determines that the sum in question belonging to defendants was stolen, as alleged, without the fault or negligence of the plaintiffs. But the defendants contend that, notwithstanding the verdict, it appears that the plaintiffs were not the bailees of this money, but that they had converted the same, and were debtors therefor to defendants, and must, therefore, stand the loss. To this we do not agree. It does not appear that they had used it or diverted it from its purpose. There had been no breach of duty on their part as agents having the custody of defendants' funds, and the evidence shows that it was expressly directed to be used for the specific purpose mentioned, and none other, and was so received by plaintiffs. It is true that this money was in the same safe-drawer with about $10 of plaintiffs' own money. But this we deem immaterial. The fund remained intact. *Disbrow* v. *Mills*, 2 Hun, 132. There is sufficient evidence to support the finding that the sum belonging to defendants was there for the use to which it had been appropriated, and any portion displaced or exchanged could be traced into a substitute. *Farmers' Bank* v. *King*, 57 Pa. St. 202.

Order affirmed.